

**ArentFox Schiff LLP**

233 South Wacker Drive
Suite 7100
Chicago, IL  60606

312.258.5500　**MAIN**
312.258.5600　**FAX**

afslaw.com

October 22, 2025

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

**Ann H. MacDonald**
Partner
312.258.5548　**DIRECT**
ann.macdonald@afslaw.com

Re:　Ruiz v. Pritzker et al. (No. 24-1853)

Dear Mr. Conway:

　　In response to Appellees' Rule 28(j) letter filed on October 9, 2025, Appellant Israel Ruiz respectfully suggests that none of the three cases cited by Appellees move the needle on Appellant's Eighth Amendment claim.

　　As an initial matter, none of the cases cited by Appellees (1) considered a Rule 12 motion to dismiss, (2) evaluated a statute where parole eligibility was based solely on sentencing date, or (3) reviewed factual allegations regarding the limited life expectancy of individuals who have been incarcerated since youth.

　　Here, Appellant argues that the Act's prospective-only application violates the Eighth Amendment by denying parole eligibility to youth offenders based only on the year in which a person was sentenced, given the Amended Complaint's allegations (Dkt. 24) regarding the diminished culpability of individuals aged 18-25 and the limited life expectancy of those who have been incarcerated since youth. The cases cited by Appellees did not consider those issues. *See People v. Spencer*, 2025 IL 31005, ¶ 39-40 (upholding sentence where defendant had opportunity for parole after serving 20 years); *U.S. v. Rosario*, 143 F.4th 41 (1st Cir. 2025) (holding argument that defendant's sentence was disproportionate and harsh given his age was not preserved and, in any event, not meritorious); *U.S. v. Contreras*, 149 F.4th 349 (4th Cir. 2025) (holding *Miller v. Alabama*, 567 U.S. 460 (2012) did not require new sentence due to offender's age).

Sincerely,

*Ann H. MacDonald*

Ann H. MacDonald

AHM

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the word limitation set forth in Fed. R. App. P. 28(j) in that the body of the letter is 229 words.

*/s/ Ann. H. MacDonald*

Ann H. MacDonald

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Ann. H. Macdonald*

Ann H. MacDonald